UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LONDON
CIVIL ACTION NO. 15-184-DLB

JAVIER CONTRERAS                                            PETITIONER

V.

RICHARD IVES, WARDEN                                        RESPONDENT

REPORT AND RECOMMENDATION

Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 (doc. 5), which the presiding district judge has referred for purposes of conducting an initial screening pursuant to 28 U.S.C. §2243. Doc. 6. Having considered the record and applicable law, the Court recommends that the petition be denied without the United States being required to file a response.

Following a jury trial, in May 2009 the United States District Court for the Southern District of Texas sentenced petitioner to a term of 262 months' imprisonment for having been found guilty of conspiracy to possess with intent to distribute in excess of 50 kilograms of marijuana. *See* S.D. Texas Case 5:08-cr-00257-1, *United States v. Contreras*. The sentence was enhanced due to petitioner's prior convictions—i.e., petitioner was sentenced as a career offender. The Fifth Circuit affirmed in May 2010. Doc. 119 in S.D. Texas 08-cr-257. There is no indication that petitioner sought postconviction relief under 28 U.S.C. §2255 or otherwise in the Southern District of Texas prior to filing the §2241 petition in this Court, which encompasses his place of incarceration. Indeed, after his direct appeal concluded the record before the Court does not reflect petitioner having taken any substantive action until November 2015, when he filed the pending pro se §2241 petition in this Court.

The gist of petitioner's claim for habeas relief is that a state court conviction was used

1

improperly by the Southern District of Texas to increase his sentence. Citing *Descamps v. United States*, 133 S.Ct. 2276 (2013) and *Persaud v. United States*, 134 S.Ct. 1023 (2014), petitioner specifically alleges that "Prtitioner [sic] propr [sic] conviction under Tex. Health & Safty [sic] Code§ 480.002 is not a Career Criminal predicate for USSG [United States Sentencing Guidelines] § 4B1.1[.]" Doc. 5, p. 6. Thus, petitioner asks this Court to issue an order which would require him to be resentenced without the career offender designation. For three main reasons, petitioner is not entitled to §2241 relief.

First, petitioner's claims are not cognizable in a §2241 proceeding. A federal prisoner may file a § 2241 petition to challenge the execution of his sentence or the manner in which it is being served. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A prisoner challenging his conviction or the imposition of the sentence itself, however, must instead file a petition under § 2255 with the sentencing court. *See, e.g., Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Under the "savings clause" of § 2255, however, a prisoner may challenge his conviction through a § 2241 petition if his remedy under § 2255 "is inadequate or ineffective." 28 U.S.C. § 2255(e).

Crucially, only claims of "actual innocence" implicate the savings clause. *See, e.g., Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). Specifically, the savings clause pertains only to claims of actual innocence of the crime of conviction, not innocence of a sentencing enhancement under the Guidelines. *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims."). Consequently, because petitioner asserts that he is innocent only of the career offender sentencing enhancement, not the underlying offense(s), he

2

cannot obtain relief via §2241.

Second, the Supreme Court's grant/vacate/remand ("GVR") order in *Persaud* does not entitle petitioner to § 2241 relief. Like petitioner, the defendant in *Persaud* sought to challenge a sentencing enhancement by way of a § 2241 petition and the savings clause of § 2255. Similar to the case at hand, binding circuit precedent foreclosed that avenue of relief. The Solicitor General confessed error, taking the view that a petitioner can challenge a sentencing enhancement through the savings clause, and asked the Supreme Court to remand the case to the Fourth Circuit for reconsideration in light of the United States' new position. The Supreme Court acquiesced and issued a GVR order. *Persaud*, 134 S.Ct. at 1023.

The Supreme Court's GVR order was not a reversal on the merits, nor was it a pronouncement that the Fourth Circuit was wrong. *See, e.g., Communities for Equity v. Mich. High Sch. Athletic Ass'n*, 459 F.3d 676, 681 (6th Cir. 2006). A GVR is "neither an outright reversal nor an invitation to reverse; it is merely a device that allows a lower court that had rendered its decision without the benefit of an intervening clarification to have an opportunity to reconsider that decision and, if warranted, to revise or correct it. The GVR order itself does not constitute a final determination on the merits; it does not even carry precedential weight." *Gonzalez v. Justices of the Mun. Ct. of Boston*, 420 F.3d 5, 7 (1st Cir. 2005) (citation omitted). Therefore, the GVR in *Persuad* affords petitioner no substantive relief from binding Sixth Circuit precedent which bars him from seeking relief via §2241.

Third, petitioner is not entitled to relief pursuant to *Descamps*. As an initial matter, *Descamps* was issued in 2013 and petitioner has not shown why he did not seek, or could not have sought, postconviction relief within one year after *Descamps* was issued. Moreover, *Descamps* has been held to not be retroactive. *See Garcia-Valenzuela v. Butler*, 2015 WL

3

4373417, at *4 (E.D.Ky. July 14, 2015) (collecting cases).

Finally, though framed as having been brought pursuant to *Descamps*, petitioner's argument is not actually based upon *Descamps*' holding. The question in *Descamps* was whether, under the modified categorical approach, courts are permitted to look at documents such as indictments and jury instructions to determine whether a prior conviction qualifies as a predicate under the Armed Career Criminal Act ("ACCA") in situations in which the prior conviction at issue occurred under an indivisible statute—"i.e., one not containing alternative elements . . . ." 132 S.Ct. at 2281. The Court held that "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." *Id.* at 2282. Petitioner's argument, as the Court construes it, vastly expands that limited holding by contending that convictions under a divisible statute containing alternative elements, such as the state court statute under which he was allegedly convicted, cannot serve as predicates for career offender status under the ACCA. That issue was not before the Court in *Descamps*.

Additionally, petitioner has not shown that a state court conviction under Tex. Health & Safety Code Ann. §481.112, the statute he claims is covered by *Descamps*, actually was used to enhance the sentence he now challenges. The notice of sentencing enhancement filed by the United States in Southern District of Texas case 08-cr-257 (the case in which the sentence petitioner is challenging was imposed) states petitioner was previously convicted of a possession with intent to distribute marijuana in the Southern District of Texas. *See* Doc. 43 in Southern District of Texas case 5:08-cr-257. At sentencing, the Court orally discussed petitioner's prior state court murder conviction and a prior federal conviction related to marijuana. *See* Doc. 106, p. 10-11 in Southern District of Texas case 5:08-cr-257 ("As Mr. Sardelli said it's a murder

4

conviction. We're not talking here manslaughter. . . . But still a very serious nature, and that is the prior conviction for trafficking. . . . This is a trafficking offense. It was in federal court."). The record before the Court, therefore, does not reflect the usage of a state court conviction under Tex. Health & Safety Code §481.112 to increase petitioner's sentence.

Regardless, even if a state court conviction under Tex. Health & Safety Code § 481.112 had been used to enhance petitioner's current sentence, his argument would fail. In *United States v. Teran-Salas*, the Fifth Circuit discussed *Descamps* but nonetheless held that Tex. Health & Safety Code § 481.112 was divisible and, consequently, a court was permitted to use the modified categorical approach to convictions thereunder. *See* 767 F.3d 453, 459 (5th Cir. 2014) ("Because § 481.112(a) criminalizes discrete acts—manufacturing, delivering, and possessing with intent to deliver—it is divisible. We thus apply the modified categorical approach and look beyond the statute to certain records made or used in adjudicating guilt to determine which subpart of the statute formed the basis of the conviction.") (quotation marks and citation omitted). Therefore, petitioner's argument to the contrary notwithstanding, the Texas statute at issue is divisible, meaning that it is not covered by the holding in *Descamps*.

Accordingly,

**IT IS RECOMMENDED:**

For the foregoing reasons, petitioner's 28 U.S.C. §2241 petition (doc. 5) should be **denied** without the United States being required to file a response.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues

5

of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 20th day of January, 2016.

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge